*Reid & Stone, for appellant.*

*Hargis, for appellee.*

---

## G. M. MULLIGAN *v*. G. W. HARRIS, ETC.

**Insolvency—Debtor's Property in Possession of Creditor—Right to.**

Although, as a general rule, a creditor who has property of an insolvent debtor in his possession will not be compelled to pay for it until his debt is satisfied, yet the creditor may, by his conduct, preclude himself from the benefit of such rule.

APPEAL FROM ALLEN CIRCUIT COURT.

February 5, 1853.

OPINION BY JUDGE PETERS:

While as a general rule it is true that a creditor who has the effects of an insolvent debtor in his hands will not be compelled to part with them until his debt is satisfied; yet in this case appellant, by his disavowal in his answer to Brown's cross-suit against him, etc., and by his acquiescence in the appropriation of the funds, has precluded himself from the benefit of the rule.

By the terms in which appellant accepted appellees' notice of the transfer of the residue of the debt on Brown he certainly waived his lien by failing then to apprise Harris of his claim, and place him in a condition to seek indemnity from Murry, his assignor.

The judgment must therefore be *affirmed*.

*Lewis, Leslie,* for appellant.

*Gatewoods, Craddock,* for appellees.